UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV143-V

| | |
|---|---|
| MATT JENKINS,         )<br>      Plaintiff,         )<br>                    )<br>   v.         )<br>                    )<br>DAVIS & DAVIS ATTORNEYS,         )<br>      Defendants.         )<br>_____ ) | **ORDER OF**<br>**DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on Plaintiff Matt Jenkins' Motion for Judgment by Default, filed April 15, 2011. (Document #6) The time for filing responsive pleadings has passed and this matter is now ripe for disposition.

Plaintiff alleges diversity of citizenship as the primary basis for subject matter jurisdiction, 28 U.S.C. § 1332(a). (Compl. ¶¶1, 3, 6, 7) Plaintiff Jenkins also asserts the presence of a federal question, 28 U.S.C. § 1331. (Compl. ¶8) (15 U.S.C. § 1692k(d)).

## I.

On September 24, 2010, Plaintiff Matt Jenkins ("Jenkins") filed a Complaint against Davis & Davis Attorneys ("D&D") alleging: (1) violation of the Telephone Consumer Protection Act (hereinafter "TCPA") as found in 47 U.S.C. §227, *et.seq.* (FIRST CAUSE OF ACTION); (2) violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA") as found in 15 U.S.C. §1692, *et. seq.* (EIGHTH); and (3) multiple violations of the North Carolina Debt Collection Statutes as found in §58-70-110(1) through (3) and §58-70-130(b) (SECOND thru SEVENTH,

TENTH).[1]  (Document #1)  Plaintiff seeks monetary damages for each alleged statutory violation as well as permanent injunctive relief.

Plaintiff effected service upon Defendant on November 23, 2010.  (Document #3) According to the docket, Defendant D&D's responsive pleading was due on or before December 14, 2010.

Jenkins moved for entry of default and on December 16, 2010, the Clerk of Court entered default against D&D.  (Document #5)  With the exception of the filing of the instant Motion for Judgment by Default, no action has been taken since entry of default.

## II.

A review of the Complaint confirms that Plaintiff asserts detailed facts which are sufficient to state cognizable claims against Defendant D&D.  Upon entry of default, the facts alleged within the Complaint, except those relating to damages, are taken as true. *See*  49 C.J.S. Judgments § 273 (2011) ("The effect of a default in answering is to deem admitted all the well-pleaded facts in the complaint ...."); *Pentech Fin. Servs. v. Old Dominion Saw Works, Inc.*, 2009 U.S. Dist. LEXIS 55786 (W.D.Va. June 30, 2009).  Accordingly, because D&D has failed to respond or otherwise defend against Jenkins' claims, the following facts are established:

- Plaintiff Jenkins is a "person" as defined in 14 U.S.C. § 153(32) and a "consumer" for purposes of 15 U.S.C. §1692a(3) and N.C.GEN. STAT. § 58-70-90(2) (Compl. ¶2);

- Defendant D&D is a "person" as defined in 14 U.S.C. § 153(32), a "debt

---

[1] Plaintiff Jenkins appears to have abandoned certain aspects of his North Carolina Debt Collection claim as well as his NINTH CAUSE OF ACTION of Intrusion of Seclusion.

- collector" as defined in 15 U.S.C. §1692a(6), and a "collection agency" as defined in N.C.Gen. Stat. § 58-70-90(1) (Compl. ¶4);
- Between August 1, 2009 and November 30, 2009, the Defendant D&D placed telephone calls to the Plaintiff Jenkins' cellular telephone, (562) 882-0300, using an automatic telephone dialing system or an artificial or prerecorded voice (Compl. ¶9) (Pl.'s Mem. In Supp. DJ Exh. A / Jenkins' Aff. ¶¶3, 5) (hereinafter "Jenkins' Aff.");
- Defendant did not obtain express consent from the Plaintiff prior to placing the calls (Compl. ¶10) (Jenkins' Aff. ¶4);
- Defendant did not place the telephone calls for an emergency purpose (Compl. ¶11);
- Defendant placed the aforementioned telephone calls knowingly and / or willfully with an autodialer or an artificial or prerecorded voice (Compl. ¶12);
- Defendant continued to place such telephone calls – as many as sixteen – after a request to stop was made by Plaintiff to a non-attorney customer service representative on or about October 12, 2009 (Compl. ¶13) (Jenkins' Aff. ¶5);
- Defendant, through a non-attorney customer service representative, indicated to Plaintiff that the calls would continue until the matter was resolved (Compl. ¶14);
- After the October 2009 request was made, Defendant continued to place such telephone calls for the purpose of annoying or harassing Plaintiff (Compl. ¶15);
- Defendant represented to Plaintiff that it was attempting to collect on an account sent to them from Merrick Bank (Compl. ¶16)

3

- Upon information and belief, Defendant was actually seeking to collect on behalf of Cardworks, Inc. (Compl. ¶17);

- Following Plaintiff's request for written information concerning the alleged debt, Defendant sent Plaintiff a letter dated October 12, 2009 purporting to set forth the details of a payment plan agreed to by both parties (Compl. ¶19) (Pl.'s Mem. In Supp. DJ Exh. C / Jenkins' Aff. ¶¶8, 9);

- Plaintiff never made any acknowledgement that the debt Defendant was attempting to collect on was a valid debt (Compl. ¶20);

- The October 12, 2009 letter from Defendant failed to identify any original or current creditor but instead included the caption, CARDWORKS, INC. V. MATT JENKINS, as in the form of a legal complaint (Compl. ¶21);

- Upon information and belief, Cardworks, Inc. is a third party debt collector rather than a creditor (Compl. ¶22);

- Defendant failed to disclose in its telephone messages that the communications were from a debt collector (Compl. ¶23);

- Upon information and belief, neither Defendant nor its non-attorney customer service representative is licensed to practice law in the State of North Carolina (Compl. ¶24);

- Upon information and belief, Defendant was / is not licensed with the North Carolina Department of Insurance as a collection agency in North Carolina (Compl. ¶25);

- Plaintiff sustained economic injury in the form of exhaustion of minutes from a

4

"bucket of minutes" cell phone plan and incurred costs (Compl. ¶20);

The Telephone Consumer Protection Act (TCPA) provides that:

It shall be unlawful for any person within the United States ... --
(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
(iii) to any telephone number assigned to a ... cellular telephone service ...for which the called party is charged for the call ....

47 U.S.C. § 227(b)(1)(A)(iii)(2010).

Under the Fair Debt Collection Practices Act,

A debt collector[2] may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

\*\*\*

Without limiting the general application of the foregoing, the following conduct is a violation of this section:
The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector ....

15 U.S.C. § 1692e(11) (1996).

Plaintiff Jenkins' well-pleaded facts establish liability under both the TCPA and FDCPA. Accordingly, Plaintiff's Motion for Judgment by Default is **GRANTED** as to the alleged federal statutory violations. Because of the duplicative nature of the statutory claims, the Court declines to reach the state law claims.

---

[2] The FDCPA traditionally applies to debt collectors, and defines "debt collector" as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). Here, Plaintiff alleges that Davis & Davis Attorneys operates a collection agency and call center separate and apart from its law practice, supervised and staffed by non-attorney collection agents. *(See e.g.*, Mem. In Supp. DJ at 2 and http://www.attorneys-network.com/davisdavis-profile.htm.)

## III.

**NOW, THEREFORE,** the Court concludes that judgment by default should be hereby entered against the Defendant, Davis & Davis Attorneys, in accordance with the prayer of said Complaint for the sums certain claimed by Plaintiff Jenkins within the record in this cause, specifically, Exhibits A, B, and C to Plaintiff's Motion; and

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Judgment by Default is **GRANTED.**

(1) Pursuant to Plaintiff's First Cause of Action, Plaintiff is awarded statutory damages in the amount of **$24,000** ($1,500 for each of the 16 calls knowingly and willfully placed to Plaintiff's cellular phone after October 12, 2009 in violation of the TCPA);

(2) Pursuant to Plaintiff's Second Cause of Action, Plaintiff is awarded statutory damages in the amount of **$1,000** for Plaintiff's violations of the FDCPA; and

(3) Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to an award of reasonable attorney's fees. However, because Plaintiff is *pro se*, no attorney's fees will be ordered.

Signed: January 10, 2012

Richard L. Voorhees
United States District Judge